# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: February 28, 2022

* * * * * * * * * * * * *
SAMUEL HUTCHENS,                         *
                                         *      No. 17-797V
        Petitioner,              *      Special Master Sanders
                                         *
v.                                       *      Decision on Proffer; Damages;
                                         *      Influenza ("Flu") Vaccine;
SECRETARY OF HEALTH                      *      Shoulder Injury Related to
AND HUMAN SERVICES,                      *      Vaccine Administration ("SIRVA")
                                         *
        Respondent.              *
* * * * * * * * * * * * *

Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA, for Petitioner.
Christine M. Becer, United States Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On June 14, 2017, Samuel Hutchens ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program. 42 U.S.C. § 300aa-10, *et seq.*[2] (2012) ("Vaccine Act" or "Program"). Petitioner alleged that he suffered from "shoulder injuries" as a result of an influenza vaccine he received on October 17, 2014. Pet. at 1, ECF No. 1.

On November 12, 2021, Respondent filed an amended Rule 4(c) Report, in which he advised that "in light of [the undersigned's] August 31, 2021 Fact Ruling, finding that the onset of [P]etitioner's left shoulder pain began on the day of his flu vaccine, . . . [R]espondent did not dispute that [P]etitioner had satisfied all legal prerequisites for compensation under the Vaccine Act for a presumed shoulder injury related to vaccine administration ("SIRVA")." ECF No. 49 at

---

[1] This Decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted Decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

1

2. On November 29, 2021, the undersigned issued a Ruling on Entitlement, finding that Petitioner was entitled to compensation for his SIRVA. ECF No. 50.

On February 25, 2022, Respondent filed a Proffer on Award of Compensation ("Proffer"). ECF No. 55. Based on the record as a whole, the undersigned finds that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the Proffer, attached as Appendix A, the undersigned awards Petitioner:

> **A lump sum payment of $32,685.00, representing compensation for pain and suffering ($32,500.00), and past unreimbursed out-of-pocket medical expenses ($185.00), in the form of a check payable to [P]etitioner. This represents all elements of compensation to which [P]etitioner is entitled under 42 U.S.C. § 300aa–15(a).**

*Id.* at 2.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| SAMUEL HUTCHENS, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 17-797V |
| v. ) | Special Master Sanders |
| ) | ECF |
| SECRETARY OF HEALTH AND ) | |
| HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.      Procedural History**

On July 26, 2017, Samuel Hutchens ("petitioner") filed an amended petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to 34 ("Vaccine Act" or "Act"), alleging that he suffered "shoulder injuries" following administration of an influenza ("flu") vaccine. Amended Petition at 1. The vaccine was administered on October 17, 2014.[1] Exhibit 6 at 1.

On November 12, 2021, the Secretary of Health and Human Services ("respondent") filed an Amended Vaccine Rule 4(c) Report advising that, in light of Special Master Sander's August 31, 2021 Fact Ruling, finding that the onset of petitioner's left shoulder pain began on the day of his flu vaccine, and the medical evidence submitted in this case, respondent did not dispute that petitioner had satisfied all legal prerequisites for compensation under the Vaccine Act for a

---

[1] In both his original and amended petition, petitioner stated that he received a flu vaccination on October 14, 2014. The medical records indicate that the vaccination was administered on October 17, 2014.

presumed shoulder injury related to vaccine administration ("SIRVA"). Amended Rule 4(c) Report at 2 (ECF #49).

On November 29, 2021, Special Master Sanders issued a Ruling on Entitlement, finding that petitioner was entitled to vaccine compensation for his SIRVA.[2] *See* Ruling on Entitlement (ECF #50).

## II.  Items of Compensation

Respondent proffers that petitioner should be awarded $32,500.00 for pain and suffering and $185.00 for out-of-pocket expenses.

This represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## III.  Form of the Award

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the special master's decision and the Court's judgment award the following[3]: a lump sum payment of $32,685.00, in the form of a check payable to petitioner.

## IV.  Summary of Recommended Payments Following Judgment

Lump sum payable to petitioner, Samuel Hutchens:         **$32,685.00**

---

[2] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the special master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the special master's November 29, 2021 entitlement decision.

[3] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future pain and suffering.

<div style="margin-left: 50%;">

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

TRACI R. PATTON
Assistant Director
Torts Branch, Civil Division

s/Christine Mary Becer
CHRISTINE MARY BECER
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel:  (202) 616-3665
Christine.m.becer@usdoj.gov

</div>

DATED:  February 25, 2022

3